UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REAGAN EQUIPMENT CO., INC.                CIVIL ACTION

VERSUS                                    NO: 11-2764

GENERAL ELECTRIC CO.                      SECTION: R(2)

## ORDER AND REASONS

Before the Court is plaintiff's application for a temporary restraining order pending a determination on the merits of its application for preliminary injunction.[1]  Plaintiff asks the Court to enter a temporary restraining order without first giving defendant an opportunity to be heard.  For the following reasons, plaintiff's application is DENIED.

A party can obtain a temporary restraining order or a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction or temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  A court may issue a temporary restraining order without notice only if "specific facts in an affidavit or a verified complaint clearly

---

[1]   R. Doc. 2.

show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). Rule 65(b) applies even though plaintiff's complaint states that defendants have been notified.[2] *See Tootsie Roll Indus., Inc. V. Sathers, Inc.*, 666 F. Supp. 655, 658 (D. Del. 1987).

Plaintiff fails to state specific facts showing immediate and irreparable injury. Plaintiff alleges that on August 9, 2011, defendant notified plaintiff that it was terminating their distribution agreement effective November 9, 2011, and that it was terminating plaintiff's distributor cost discount effective immediately.[3] Although plaintiff alleges generally that it suffered monetary losses due to lost profits on sales, lost productivity, and additional costs, plaintiff has alleged no injury that cannot be compensated by monetary damages. *See Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011); *DFW Metro Line Servs. v. Southwestern Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990); *Gregory v. Seal*, No. 05-1857, 2005 WL 3549528, at *1 (E.D. La. Nov. 21, 2005); *Bergquist v. FYBX Corp.*, No. 02-722, 2003 WL 21488117, at *1 (E.D. La. June 20, 2003). *See also Ali v. Dewberry*, Civil Action No. 6:10cv454, 2010 WL 4510981, at *2 (E.D. Tex. Oct. 15, 2010); *Newsome v. Miss. High Sch*.

---

    [2]    R. Doc. 2-1 at 1.

    [3]    R. Doc. 2-2 at 4.

*Activities Assoc.*, No. 1:07CV293-D-D, 2007 WL 4268771, at *3 (N.D. Miss. Nov. 30, 2007).  Further, plaintiff does not demonstrate the necessity of a temporary restraining order at this juncture when the revocation of the distributor discount has been in effect for nearly three months.  Because plaintiff has not specifically identified injuries that will cause it irreparable harm, and has only generally alleged financial losses, plaintiff cannot obtain the extraordinary relief it seeks.  *See, e.g., RCM Techs., Inc. V. Beacon Hill Staffing Group, LLC*, 502 F. Supp. 2d 70, 74 (D.D.C. 2007)(denying application for temporary restraining order because plaintiff's alleged injuries were speculative and non-specific).

   For the foregoing reasons, plaintiff's application for a temporary restraining order is DENIED.  The Court's case manager will contact the parties to schedule a hearing on plaintiff's application for a preliminary injunction.


   New Orleans, Louisiana, this 8th day of November, 2011.


            _____
                    SARAH S. VANCE
              UNITED STATES DISTRICT JUDGE